IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. FORGAN, ) | Civil Action No. |
| ) | |
| Plaintiff, ) | Electronically Filed |
| ) | |
| v. ) | Jury Trial Demanded |
| ) | |
| SHEARER'S FOODS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

AND NOW, comes the Plaintiff, DANIEL J. FORGAN, by and through his attorneys Michael Joyce, Esquire and the Law Office of Michael Joyce, and files the following Complaint in Civil Action against Defendant SHEARER'S FOODS, INC., upon causes of action of which the following are a statement:

NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is an individual action under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §201 et seq., the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.101 et seq., and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1 et seq. to recover damages for non-payment of overtime wages.

2. This Court has federal question jurisdiction in this action pursuant to 28 U.S.C. §1331, as this action asserts rights arising under the FLSA, 29 U.S.C. §201, et seq.

3. Venue is proper in the United States District Court, Western District of Pennsylvania, pursuant to 28 U.S.C. §1391 as Defendant is subject to personal jurisdiction in the Western District of Pennsylvania at the time of the filing of this action, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Pennsylvania.

## PARTIES

4. Plaintiff DANIEL J. FORGAN (hereinafter "Plaintiff FORGAN") has resided at all times material in Somerset County, Commonwealth of Pennsylvania and is a United States citizen.

5. Defendant SHEARER'S FOODS, INC., is a corporation registered in the State of Ohio with a principal place of business at 692 Wabash Avenue North, Brewster, Ohio, 44613, and which has a registered office address with the Pennsylvania Department of State at 2400 Josephine Street, Pittsburgh, PA 15203.

6. At all times material, Defendant SHEARER'S FOODS, INC. (hereinafter "Defendant SHEARER'S FOODS") has engaged in interstate commerce and has had annual revenues in excess of five hundred thousand ($500,000.00) Dollars.

7. Defendant SHEARER'S FOODS is an employer within the meaning of the FLSA, PMWA and WPCL.

## FACTUAL BACKGROUND AND STATEMENT OF CLAIMS

8. Plaintiff FORGAN was employed by Defendant SHEARER'S FOODS to deliver snack foods from two storage sheds in Cambria County, Commonwealth of Pennsylvania, to various supermarkets throughout Somerset, Cambria, Blair, Indiana and Bedford Counties.

9. For all times material until mid-October 2009, Plaintiff FORGAN operated a vehicle with a gross vehicle weight rating of approximately 9,800 pounds and a gross vehicle weight of less than 10,000 pounds.

10. Plaintiff FORGAN was paid based on the dollar value of deliveries he made.

11. Plaintiff FORGAN typically worked six (6) days per week and typically worked ten to twelve (12) hours per day.

12. Given the number of retailers to which Plaintiff FORGAN delivered snack foods, and given the geographical range of the retailers to which Plaintiff FORGAN delivered snacks, it was not possible to complete his job duties without working in excess of forty (40) hours per week.

13. Plaintiff FORGAN was hired on or about November 28, 2005 and continued performing work delivering snack foods for Defendant SHEARER'S FOODS until February 26, 2010.

14. Plaintiff FORGAN was not a manager.

15. Plaintiff FORGAN did not perform professional services in which he exercised discretion and independent judgment.

16. Plaintiff FORGAN was non-exempt within the meaning of the FLSA and PMWA.

17. Plaintiff FORGAN did not perform administrative functions, but rather was involved in delivering snack foods, re-stocking shelves in supermarkets and ordering new snack foods in bulk to replenish the storage sheds.

18. Defendant SHEARER'S FOODS only required and expected Plaintiff to deliver snack foods to existing retail customers.

19. Supermarket shelves were re-stocked by Plaintiff FORGAN in accordance with plan-o-grams of Defendant.

20. Plaintiff FORGAN did not attempt to obtain new retail customers for Defendant Shearer's Foods.

21. Plaintiff FORGAN was not expected by Defendant SHEARER'S FOODS to attempt to obtain new customers for Defendant SHEARER'S FOODS.

22. Plaintiff FORGAN's supervisors, and other employees of SHEARER'S FOODS, engaged in sales activities, such as trying to obtain new retail customers or supermarkets to sell Defendant's snack foods.

23. An employee of Defendant, other than Plaintiff FORGAN, transferred snack foods from Defendant SHEARER'S FOODS' warehouse in Pittsburgh, Allegheny County, to the storage sheds in Richland Township, Cambria County.

24. Despite being non-exempt and despite working far in excess of forty (40) hours per work week, Plaintiff FORGAN was not paid overtime by Defendant SHEARER'S FOODS.

25. Defendant SHEARER'S FOODS knew Plaintiff FORGAN worked in excess of forty (40) hours per week and knew Plaintiff FORGAN was non-exempt.

26. Defendant SHEARER'S FOODS knew it was required by the FLSA and PMWA to pay overtime to its non-exempt employees such as Plaintiff FORGAN for hours worked in excess of forty (40) hours in any given work week.

27. Defendant SHEARER'S FOODS knew it was not possible for one person to complete all the deliveries required each week to the retailers to which Plaintiff FORGAN delivered snack foods within forty (40) hours per work week.

28. From his date of hire until mid-October 2009 Plaintiff FORGAN had always been provided with a delivery truck of the same type or model with a gross vehicle weight rating of approximately 9,800 pounds, and in fact used the same particular truck for approximately one year until mid-October 2009.

29. Prior to mid-October 2009 the trucks generally provided to SHEARER'S FOODS' employees in southwestern Pennsylvania were of the same model or type with a gross vehicle weight rating of 9,800 pounds and a gross vehicle weight less than 10,000 pounds.

30. In approximately mid-October 2009, Defendant SHEARER'S FOODS replaced its leased delivery trucks with new leased trucks that were longer, or eighteen feet in length, and had gross vehicle weight ratings in excess of 11,000 pounds.

31. It is believed and therefore averred that in southwestern Pennsylvania its fleet of trucks with gross vehicle weight ratings of less than 10,000 pounds were replaced by Defendant SHEARER'S FOODS with newer leased delivery trucks that had a gross vehicle weight rating in excess of 10,000 pounds in order to avoid the application of the overtime provisions of the Fair Labor Standards Act.

32. At all times material prior to mid-October 2009, Plaintiff FORGAN was not an employee of a motor carrier with respect to whom the federal secretary of transportation had the power to establish qualifications and maximum hours of service under 49 U.S.C. §3102(b)(1) and (2).

COUNT ONE – FAIR LABOR STANDARDS ACT (FLSA) – OVERTIME

33. Paragraphs "1" through "32" are incorporated herein as though fully set forth at length.

34. Plaintiff FORGAN was an employee of Defendant SHEARER'S FOODS within the meaning of 29 U.S.C. §201 et seq.

35. Defendant SHEARER'S FOODS is an employer within the meaning of 29 U.S.C. §201 et seq.

36. Plaintiff FORGAN was non-exempt within the meaning of the FLSA.

6

37. Plaintiff FORGAN was entitled to overtime at a rate of time and one half of his regular pay for the hours worked in excess of forty (40) hours per week.

38. Plaintiff FORGAN worked in excess of forty (40) hours in each work week during his employment with Defendant SHEARER'S FOODS.

39. Defendant SHEARER'S FOODS failed to pay overtime to Plaintiff FORGAN for hours worked in excess of forty (40) hours each work week.

40. Defendant SHEARER'S FOODS failure to pay overtime is a violation of the FLSA, 29 U.S.C. §207, et seq.

41. Defendant SHEARER'S FOODS' failure to pay overtime was knowing and willful, therefore the FLSA's three year statute of limitations applies.

WHEREFORE, Plaintiff FORGAN demands judgment against Defendant SHEARER'S FOODS for:

    a. a declaration that Defendant violated the FLSA.

    b. unpaid overtime compensation;

    b. liquidated damages equal to the amount of unpaid overtime compensation;

    c. costs and reasonable attorney's fees;

    e. pre-judgment interest on unpaid overtime compensation to the extent liquidated damages are not awarded.

**JURY TRIAL DEMANDED**

## COUNT TWO – PENNSYLVANIA MINIMUM WAGE ACT ("PMWA") – OVERTIME

42. Paragraphs "1" through "32" are incorporated herein as though fully set forth at length.

43. Plaintiff FORGAN was an employee of Defendant SHEARER'S FOODS within the meaning of 43 P.S. §333.101, et seq.

44. Defendant SHEARER'S FOODS is an employer within the meaning of 43 P.S. §333.101, et seq.

45. Plaintiff FORGAN was non-exempt within the meaning of the PMWA.

46. Plaintiff FORGAN was entitled to overtime at a rate of time and one half of his regular pay for the hours worked in excess of forty (40) hours per week.

47. Plaintiff FORGAN worked in excess of forty (40) hours in each work week during his employment with Defendant SHEARER'S FOODS.

48. Defendant SHEARER'S FOODS failed to pay overtime to Plaintiff FORGAN for hours worked in excess of forty (40) hours each work week.

49. Defendant SHEARER'S FOODS' failure to pay overtime is a violation of the PMWA, 43 P.S. §333.101, et seq.

WHEREFORE, Plaintiff FORGAN demands judgment against Defendant SHEARER'S FOODS for:

    a.    a declaration that Defendant has violated the PMWA;

    b.    all unpaid overtime compensation allowable under the PMWA;

    c.    costs and reasonable attorney's fees.

**JURY TRIAL DEMANDED**

## COUNT THREE - PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW ("WPCL")

50. Paragraphs "1" through "32" and "43" through "49" are incorporated herein as though fully set forth at length.

51. The WPCL provides that every employer shall pay all wages due to his employees on regular paydays designated in advance by the employer within the standard time lapse customary in the trade or within 15 days from the end of such pay period in lawful money of the United States or check. 43 P.S. §260.3

52. Plaintiff FORGAN was an employee of Defendant SHEARER'S FOODS within the meaning of the WPCL and, as such, was entitled to timely payment of wages due to him.

53. Defendant SHEARER'S FOODS is an employer within the meaning of the WPCL.

54. Defendant SHEARER'S FOODS' policy of not paying its delivery drivers overtime wages results in a violation of the WPCL.

9

55. Plaintiff FORGAN entered into an agreement with Defendant SHEARER'S FOODS pursuant to which Plaintiff FORGAN was to receive certain wages in compensation for his work for Defendant SHEARER'S FOODS.

56. Defendant SHEARER'S FOODS' failure to pay overtime wages, as required by Pennsylvania law, represents a violation of its agreement.

57. Any consent or agreement by Plaintiff FORGAN whereby Plaintiff FORGAN agreed to forego overtime wages is unenforceable as contrary to public policy, as set forth in the PMWA.

WHEREFORE, Plaintiff FORGAN respectfully requests judgment against Defendant SHEARER'S FOODS for:

    a. a declaration that Defendant has violated the WPCL;

    b. all unpaid overtime compensation allowable under the WPCL;

    c. the maximum liquidated damages allowable under the WPCL;

    d. costs and reasonable attorney's fees.

**JURY TRIAL DEMANDED**

Respectfully submitted

s/ Michael Joyce
Michael Joyce
PA 76444
Counsel for Plaintiff

Law Office of Michael Joyce
Law & Finance Building
429 Fourth Ave., Suite 2106
Pittsburgh, PA 15219
(412) 281-3393
(412) 281-3773 (fax)

michaeljoyce1@verizon.net